## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Clark Capital Management Group, Inc.,          :
                                               :
                               Plaintiff,      :
                                               :        Civil Action No.: _____
                    v.                         :
                                               :
Navigate Fund Solutions LLC,                   :
Eaton Vance Corp.,                             :
The Trustee of Eaton Vance Management,         :
Eaton Vance, Inc.,                             :
                                               :
                              Defendants.  :        <u>JURY TRIAL DEMANDED</u>

## <u>COMPLAINT</u>

Plaintiff, Clark Capital Management Group, Inc. ("Plaintiff" or "Clark Capital"),

by and through its undersigned attorneys bring this complaint against defendants, Navigate Fund

Solutions LLC, Eaton Vance Corp., The Trustee of Eaton Vance Management, and Eaton Vance,

Inc. (collectively, "Defendants"), for trademark infringement, unfair competition and breach of

contract, in violation of federal and state law, and alleges as follows:

## <u>PARTIES</u>

1.     Plaintiff, Clark Capital Management Group, Inc., is a Pennsylvania corporation with a

place of business at One Liberty Place, 1650 Market Street, 53rd Floor, Philadelphia, PA  19103.

Clark Capital is the owner of the intellectual property at issue in this case.

2.     Defendant, Navigate Fund Solutions LLC, is a Delaware limited liability company

with a place of business at Two International Place, Boston, Massachusetts 02110.  Defendant

Navigate Fund Solutions LLC is using the intellectual property at issue in this case.

3.     Defendant, Eaton Vance Corp., is a Maryland corporation with a place of business at

Two International Place, Boston, Massachusetts 02110.  Defendant Eaton Vance Corp. is the parent

company of Defendant Navigate Fund Solutions LLC, which is using the intellectual property at issue in this case.

4.     Defendant, The Trustee of Eaton Vance Management, is a business trust legally organized under the laws of Massachusetts comprising of Eaton Vance, Inc., with an address of Two International Place, Boston, Massachusetts 02110.  The Trustee of Eaton Vance Management is the owner of a U.S. trademark registration for a trademark at issue in this case that is being used by Defendant Navigate Fund Solutions LLC.

5.     Defendant, Eaton Vance, Inc., is a Massachusetts corporation with a place of business at Two International Place, Boston, Massachusetts 02110.  Eaton Vance, Inc. is the trustee of the Trustee of Eaton Vance Management, which owns a U.S. trademark registration for a trademark at issue in this case that is being used by Defendant Navigate Fund Solutions LLC.

## JURISDICTION AND VENUE

6.     This action arises under the Acts of Congress under the Lanham Act, Title 15 U.S.C. § 1051, et seq., and common law.  As such, this Court has subject matter jurisdiction under the provisions of Title 28 U.S.C. §§ 1331 and 1338 because this action involves federal questions of law.

7.     This Court may exercise personal jurisdiction over Defendants.  A substantial part of the events giving rise to this action have occurred and continue to occur in this judicial district.  As such, Defendants should reasonably expect that their activities might have consequences herein.  Moreover, Pennsylvania's long arm statute, 42 Pa. C.S.A. § 5322(a), confers personal jurisdiction over Defendants because Defendants' business activities within the Commonwealth of Pennsylvania and in this judicial district are directly and/or indirectly infringing upon Clark Capital's rights, and otherwise causing harm to Clark Capital.

8.     This court has original jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 and 1338(b) and 15 U.S.C. § 1121.  This court has supplemental jurisdiction over the claims brought under the common law pursuant to § 1367(a).

9.     This Court has supplemental jurisdiction over the claims brought under the common law pursuant to 28 U.S.C. § 1338(a) and (b) and § 1367(a).

10.     Venue is proper in this judicial district pursuant to Title 28 U.S.C. § 1391.

## BACKGROUND AS TO CLARK CAPITAL'S BUSINESS AND ITS INTELLECTUAL PROPERTY

11.     Clark Capital is a provider of a variety of financial and investment products and services including retail investment fund services, investment fund management services, investment fund services, investment advisory and investment consulting services.  Clark Capital's financial and investment products and services include providing separately managed accounts (SMAs), unified managed accounts (UMAs), mutual funds, exchange-traded fund (ETF) portfolios, 401(k) Solutions, and third party asset management services.  Further, Clark Capital is a registered investment advisor offering wealth management services designed to provide proven strategies to individual high net worth investors, trusts, endowments, employee benefit plans, corporations, and municipalities.  Clark Capital's financial and investment products and services described in this paragraph are collectively referred to herein as the "Clark Capital Financial and Investment Products and Services".

12.     Clark Capital has adopted and used its NAVIGATOR marks, including its NAVIGATOR FUND, NAVIGATOR FUNDS and NAVIGATOR EQUITY HEDGED FUND marks, for the Clark Capital Financial and Investment Products and Services.

13.     Clark Capital registered many of its NAVIGATOR marks, including its NAVIGATOR FUND, NAVIGATOR FUNDS and NAVIGATOR EQUITY HEDGED FUND marks.

3

14.     On October 22, 2002, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 2639961 for NAVIGATOR FUND for investment advisory services in the field of stocks and mutual funds.  Clark Capital first used this mark as early as April 2002.  Sections 8 and 15 Declarations have been filed and approved.  Thus, this registration has become incontestable.

15.     On December 24, 2013, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 4453183 for NAVIGATOR FUNDS for  mutual fund brokerage, distribution, investment; mutual fund services, namely, mutual fund brokerage, mutual fund distribution and the administration and management of mutual funds, financial portfolio solutions, and investments; investment advisory services in the field of stocks, bonds, annuities and mutual funds; investment consultation; asset allocation services; stock brokerage services; fund investment consultation; funds investment.  Clark Capital first used this mark as early as April 1, 2002.

16.     On December 24, 2013, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 4453182 for NAVIGATOR EQUITY HEDGED FUND for mutual fund brokerage, distribution, investment; mutual fund services, namely, mutual fund brokerage, mutual fund distribution and the administration and management of mutual funds, financial portfolio solutions, and investments; investment advisory services in the field of stocks, bonds, annuities and mutual funds; investment consultation; asset allocation services; stock brokerage services; fund investment consultation; funds investment.  Clark Capital first used this mark as early as April 1, 2002.

17.     On October 29, 1991, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 1662756 for NAVIGATOR for investment advisory services in the field of stocks and mutual funds. Clark Capital first used this mark as early as March

1987.  Sections 8 and 15 Declarations have been filed and approved.  Thus, this registration has become incontestable.

18.     On May 31, 2011, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 3970349 for NAVIGATOR for  mutual fund brokerage, distribution, investment; mutual fund services, namely, mutual fund brokerage, mutual fund distribution and the administration and management of mutual funds, financial portfolio solutions, and investments; investment advisory services in the field of stocks, bonds, annuities and mutual funds, investment consultation, asset allocation services; stock brokerage services.  Clark Capital first used this mark as early as April 1, 2002.

19.     On May 13, 2008, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 3426152 for NAVIGATOR 401K for investment advisory services in the field of stocks, bonds, annuities and mutual funds; investment consultation; asset allocation services; stock brokerage services.  Clark Capital used this mark as early as February 2007.  Sections 8 and 15 Declarations have been filed and approved.  Thus, this registration has become incontestable.

20.     On October 20, 2009, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 3698185 for NAVIGATOR for printed publication, namely, a newsletter in the field of investment advisory services in the field of stocks, bonds, annuities and mutual funds, investment consultation, asset allocation services and stock brokerage services; investment advisory services in the field of stocks, bonds, annuities and mutual funds; investment consultation; asset allocation services; stock brokerage services.  Clark Capital used this mark as early as March 1987.  Sections 8 and 15 Declarations have been filed and approved.  Thus, this registration has become incontestable.

21.     On December 8, 2009, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 3721660 for NAVIGATOR 401(K) "KEEPING YOU

ON COURSE FOR RETIREMENT" & Design for investment advisory services in the field of stocks, bonds, annuities and mutual funds; investment consultation; asset allocation services; stock brokerage services.  Clark Capital used this mark as early as February 2007.  Sections 8 and 15 Declarations have been filed and approved.  Thus, this registration has become incontestable.

22.     Clark Capital's U.S. Registration Nos. 2639961 for NAVIGATOR FUND; 1662756 for NAVIGATOR; 3426152 for NAVIGATOR 401K®; 3698185 for NAVIGATOR; and 3721660 for NAVIGATOR 401(K) "KEEPING YOU ON COURSE FOR RETIREMENT" & Design have acquired incontestable status.

23.     The above referenced registrations containing the "Navigator" term (hereinafter, the "NAVIGATOR and NAVIGATOR FUND Marks") are in full force and effect.

24.     Clark Capital's NAVIGATOR and NAVIGATOR FUND Marks are strong.  They are inherently distinctive and represent the exceedingly valuable goodwill of Clark Capital.

25.     Clark Capital's NAVIGATOR and NAVIGATOR FUND Marks have become well known throughout the financial, investment, fund and mutual fund brokerage, financial planning, wealth management, asset allocation, investment advisory, and consulting fields.  Through its use of the NAVIGATOR and NAVIGATOR FUND Marks, Clark Capital has developed an excellent reputation for its services and products and has been recognized as a leader among boutique companies in the financial industry for these services and products.

26.     The market success of the Clark Capital Financial and Investment Products and Services offered under the NAVIGATOR and NAVIGATOR FUND Marks has been extraordinary, and the relevant public has come to rely upon and recognize the Clark Capital Financial and Investment Products and Services by Clark Capital's NAVIGATOR and NAVIGATOR FUND Marks, and the marks have substantial goodwill associated with them.

27.     Clark Capital has vigorously defended its NAVIGATOR and NAVIGATOR FUND Marks against infringers and potential infringers.  Clark Capital has filed many Opposition

proceedings in the United States Patent and Trademark Office to prevent the registration of conflicting marks.  Clark Capital has also filed suit in federal district court on many occasions in order to protect its NAVIGATOR and NAVIGATOR FUND Marks.

28.    Clark Capital has notified Defendants of Clark Capital's NAVIGATOR Marks and requested that Defendants discontinue all use of the NAVIGATE FUND SOLUTIONS designation and/or any additional designation that includes the terms NAVIGATE and FUND.

## BACKGROUND AS TO DEFENDANTS' UNLAWFUL CONDUCT

29.    Defendants are using the term NAVIGATE FUND SOLUTIONS in association with a retail fund product without authorization from Clark Capital.

30.    On September 12, 2011, Defendant The Trustee of Eaton Vance Management submitted Application No. 85/420,730 with the United States Patent and Trademark Office for the mark NAVIGATE FUND SOLUTIONS for use in connection with "Technology consultation, namely, business technology software consultation services, all in the field of mutual fund and securities portfolio management and administration, and in the field of administration of transactions by open end funds involving securities, stocks, funds, equities, bonds, notes, cash, or other types of financial investments" in International Class 42 (FIRST USE: October 7, 2013; FIRST USE IN COMMERCE: October 7, 2013), and for "Licensing services, namely, licensing of intellectual property, all in the field of mutual fund and securities portfolio management and administration, and in the field of administration of transactions by open end funds involving securities, stocks, funds, equities, bonds, notes, cash, or other types of financial investments" in International Class 45 (FIRST USE: October 7, 2013; FIRST USE IN COMMERCE: October 7, 2013).  This application was issued U.S. Trademark Registration No. 4,471,303 on January 21, 2014.

31.    On April 2, 2014, Defendant Eaton Vance Corp., on behalf of all Defendants, provided Clark Capital with the written undertakings in the letter attached hereto as **Exhibit A** (the "Undertaking").  In the Undertaking, Defendants agreed that "use of the NAVIGATE FUND

SOLUTIONS designation, or any additional designation that includes the terms NAVIGATE and FUND, will never be associated with a retail fund product" and that use of NAVIGATE FUND SOLUTIONS would be limited to "Technology consultation, namely, business technology software consultation services, all in the field of mutual fund and securities portfolio management and administration, and in the field of administration of transactions by open end funds involving securities, stocks, funds, equities, bonds, notes, cash, or other types of financial investments" and "Licensing services, namely, licensing of intellectual property, all in the field of mutual fund and securities portfolio management and administration, and in the field of administration of transactions by open end funds involving securities, stocks, funds, equities, bonds, notes, cash, or other types of financial investments".

32.    In light of the representations made in the Undertaking and the limited use of NAVIGATE FUND SOLUTIONS by Defendants at the time of the Undertaking, Clark Capital sent Defendants a reservation of rights letter on April 28, 2014 in which it advised Defendants that "in light of the representations made in the Undertaking, and our understanding that the intellectual property that Eaton Vance is licensing in connection with the NAVIGATE FUND SOLUTIONS mark is limited to business technology software, Clark Capital does not plan to take any further action at this time with regard to Eaton Vance's use of NAVIGATE FUND SOLUTIONS. However, if Clark Capital experiences any instances of actual confusion in the market, if Eaton Vance expands the scope of its use, if marketplace conditions change, or if Eaton Vance files a future trademark application … Clark Capital reserves its rights to renew its objection. We further expect that Eaton Vance will make every effort to avoid confusion with Clark Capital's NAVIGATOR marks and to inform Clark Capital immediately of any instances of actual confusion". See **Exhibit B**.

33.    On August 24, 2015, Clark Capital renewed its objection to Defendants' use of NAVIGATE FUND SOLUTIONS after discovering that the scope of use of NAVIGATE FUND

SOLUTIONS by Defendants had expanded significantly since the date of the Undertaking and included widespread use in association with retail fund products.  Such expanded use of the NAVIGATE FUND SOLUTIONS by Defendants, including use of the NAVIGATE FUND SOLUTIONS designation in association with retail fund products, represents a clear breach of the Undertaking, and infringes upon Clark Capital's NAVIGATOR and NAVIGATOR FUND Marks.

34.     Defendants have refused to discontinue their use of NAVIGATE FUND SOLUTIONS as requested by Clark Capital and such use by Defendants has continued unabated.

### COUNT ONE - FEDERAL TRADEMARK INFRINGEMENT

35.     Clark Capital repeats and re-alleges, and incorporate by reference, the foregoing paragraphs as though they were fully set forth at length herein.

36.     Clark Capital's NAVIGATOR and NAVIGATOR FUND Marks are all federally registered and, as such, are evidence of exclusive right of Clark Capital to use the NAVIGATOR and NAVIGATOR FUND Marks in connection with investment advisory services.  15 U.S.C. § 1115.

37.     Clark Capital's U.S. Registration Nos. 2639961 for NAVIGATOR FUND; 1662756 for NAVIGATOR; 3426152 for NAVIGATOR 401K®; 3698185 for NAVIGATOR; and 3721660 for NAVIGATOR 401(K) "KEEPING YOU ON COURSE FOR RETIREMENT" & Design have acquired incontestable status.  Thus, the registrations for these marks shall be conclusive evidence of the validity of the registered mark, of Clark Capital's ownership of the mark, and of Clark Capital's exclusive right to use the registered marks in commerce in connection with the investment advisory and mutual fund services specified in the affidavit filed under the provisions of §1065 or the renewal application filed under the provisions of § 1059.  15 U.S.C. §1115.

38.     Defendants' use of the NAVIGATE FUND SOLUTIONS designation is similar in sound, meaning and appearance with Clark Capital's pre-existing NAVIGATOR and NAVIGATOR FUND Marks.  The marks create the same commercial impression and are confusingly similar.

9

39.     Clark Capital's and Defendants' respective products and/or services are offered in the same channels of trade and the use of the respective marks in connection with the respective products and/or services are directed to the same or similar users and potential users of the respective product and/or services.  The products and/or services offered by Clark Capital and Defendant are closely related.

40.     Defendants' use of the NAVIGATE FUND SOLUTIONS designation in association with investment services, including use in association with retail fund products, is likely to cause confusion or mistake or to deceive, as to the source, affiliation or sponsorship with the Clark Capital Financial and Investment Products and Services offered in connection with its NAVIGATOR and NAVIGATOR FUND Marks, including its investment fund and mutual fund products and services, in violation of the Lanham Act, 15 U.S.C. § 1051 et seq, specifically §§ 1114- 1118.

41.     Defendants have infringed Clark Capital's NAVIGATOR and NAVIGATOR FUND Marks in interstate commerce and in this district by various acts, including using the NAVIGATE FUND SOLUTIONS designation in association with its services, including use of this designation in association with retail fund products.  This unauthorized use by Defendants constitutes infringement of Clark Capital's existing NAVIGATOR and NAVIGATOR FUND Marks, as described above, in violation of the Lanham Act, 15 U.S. C. § 1051 et seq., to the substantial and irreparable injury of the public and of Clark Capital's marks, business reputation, and goodwill.

42.     The activities of Defendants complained of herein constitute willful and intentional infringement of Clark Capital's federally registered NAVIGATOR and NAVIGATOR FUND Marks, in derogation of Clark Capital's rights.  Acts of infringement commenced and have continued in spite of Defendants' knowledge that the use of Clark Capital's NAVIGATOR and NAVIGATOR FUND Marks was and is in contravention of Clark Capital's rights.

43.     Clark Capital has not given consent directly or indirectly to Defendants to use the NAVIGATOR and NAVIGATOR FUND Marks, or any mark similar thereto, in the manner in which Defendants are using such marks.

44.     Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Clark Capital in its marks and in its business, reputation, and goodwill.  Clark Capital's damages from the aforesaid unlawful actions of Defendants, to the extent ascertainable, have not yet been determined.

45.     By the forgoing actions, Defendants have clearly engaged in willful trademark infringement in violation of 15 U.S.C. § 1117.

46.     Clark Capital seeks attorney's fees and costs given the willful conduct of Defendants.

47.     Clark Capital seeks treble damages given the willful conduct of Defendants.

## COUNT TWO - FEDERAL UNFAIR COMPETITION PER SECTION 43(a) OF THE LANHAM ACT SECTION 15 U.S.C. § 1125(a)

48.     Clark Capital repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

49.     Clark Capital's NAVIGATOR and NAVIGATOR FUND Marks are distinctive and have acquired secondary meaning and significance in the minds of the relevant public.

50.     After Clark Capital's adoption and use of their NAVIGATOR and NAVIGATOR FUND Marks in connection with the Clark Capital Financial and Investment Products and Services, Defendants adopted and used the NAVIGATE FUND SOLUTIONS designation in connection with its services, including use in association with retail fund products and services.

51.     Defendants' activities are likely to cause confusion, or to cause mistake, or to deceive, causing great harm to Clark Capital's reputation and goodwill.

52.     Defendants have unfairly competed with Clark Capital's NAVIGATOR and NAVIGATOR FUND Marks in interstate commerce and in this district by various acts, including

using the NAVIGATE FUND SOLUTIONS designation in connection with its services, including use in association with retail fund products. This unauthorized use by Defendants constitutes unfair competition to the substantial and irreparable injury of the public and of Clark Capital's marks, business reputation, and goodwill in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53.     The activities of Defendants complained of herein constitute willful and intentional tort, in derogation of Clark Capital's rights. Acts of unfair competition commenced and have continued in spite of Defendants' knowledge that the use of the NAVIGATE FUND SOLUTIONS designation in connection with its services, including use in association with retail fund products, was and is in contravention of Clark Capital's rights.

54.     Clark Capital has not given consent directly or indirectly to Defendants to use the NAVIGATOR and NAVIGATOR FUND Marks, or any mark similar thereto, in the manner in which Defendants are using such marks.

55.     Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Clark Capital in its marks and in its business, reputation, and goodwill. Clark Capital's damages from the aforesaid unlawful actions of Defendants, to the extent ascertainable, have not yet been determined.

56.     Clark Capital seeks attorney's fees and costs given the willful conduct of Defendants.

57.     Clark Capital seeks punitive damages given the willful conduct of Defendants.

## COUNT THREE – BREACH OF CONTRACT

58.     On April 2, 2014, Defendant Eaton Vance Corp., on behalf of all Defendants, provided Clark Capital with the Undertaking in which Defendant agreed that "use of the NAVIGATE FUND SOLUTIONS designation, or any additional designation that includes the terms NAVIGATE and FUND, will never be associated with a retail fund product" and that use of NAVIGATE FUND SOLUTIONS would be limited to "Technology consultation, namely, business

12

technology software consultation services, all in the field of mutual fund and securities portfolio management and administration, and in the field of administration of transactions by open end funds involving securities, stocks, funds, equities, bonds, notes, cash, or other types of financial investments" and "Licensing services, namely, licensing of intellectual property, all in the field of mutual fund and securities portfolio management and administration, and in the field of administration of transactions by open end funds involving securities, stocks, funds, equities, bonds, notes, cash, or other types of financial investments".

59.     Contrary to its agreement in the Undertaking, Defendants are making widespread use of the NAVIGATE FUND SOLUTIONS designation in association with investment services, including retail fund products, and more broadly than simply in connection with "technology consultation" and "licensing services".

60.     In adopting and using the NAVIGATE FUND SOLUTIONS designation in association with investment services, including retail fund products, Defendants have breached the Undertaking.

61.     On August 24, 2015, Clark Capital renewed its objection to Defendants' use of the NAVIGATE FUND SOLUTIONS designation after discovering that the scope of use of this designation by Defendants had expanded significantly since the date of the Undertaking and included widespread use in association with retail fund products.

62.     Defendants have refused to discontinue their use of the NAVIGATE FUND SOLUTIONS designation and use of this designation by Defendants, including use in association with retail fund products, has continued unabated.

63.     Defendants' refusal to discontinue its use of the NAVIGATE FUND SOLUTIONS designation constitutes a breach of the Undertaking, which has damaged, and continues to cause damage to Clark Capital.

64.     As a result of Defendants' willful breach of the Undertaking, Clark Capital continues to be damaged.

## PRAYERS FOR RELIEF

**WHEREFORE**, Clark Capital prays for relief against Defendants as follows:

(1)     That the Court preliminary and permanently enjoin and restrain Defendants, their officers, directors, agents, employees and all persons in active concert or participation with Defendants who receive actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing or abetting any of the following:

(a)     infringing or contributing to the infringement;

(b)     engaging in any acts or activities directly or indirectly calculated to infringe Clark Capital's NAVIGATOR and NAVIGATOR FUND Marks;

(c)     using in selling, offering for sale, promoting, advertising, marketing or distributing of Defendants' services and/or products, advertisements or marketing materials that use the term NAVIGATE FUND SOLUTIONS, or any mark including the term NAVIGATOR or NAVIGATOR FUND, or any mark similar thereto;

(d)     using any configuration or design that is confusingly similar to Clark Capital's NAVIGATOR and NAVIGATOR FUND Marks; and

(e)     otherwise competing unfairly with Clark Capital in any manner whatsoever.

(2)     That the Court find that Defendants are infringing Clark Capital's NAVIGATOR and NAVIGATOR FUND Marks and are competing unfairly with Clark Capital.

(3)     That the Court Order Defendants to deliver up to Clark Capital for destruction, at Defendants' expense, catalogs, web site materials, literature, brochures, quotes, packaging, signs, promotional materials, advertisements and other communications to the public in the possession or under the control of Defendants that use the term NAVIGATE FUND

SOLUTIONS or any other designations similar to any of Clark Capital's NAVIGATOR and NAVIGATOR FUND Marks, and any other material or any representations that are or may contain the term NAVIGATE FUND SOLUTIONS or any other terms similar to Clark Capital's NAVIGATOR and NAVIGATOR FUND Marks.

(4)     That the Court Order Defendants to account for and pay to Clark Capital the damages to which Clark Capital is entitled as a consequence of the infringement of Clark Capital's NAVIGATOR and NAVIGATOR FUND Marks.

(5)     That the Court Order Defendants to account for and to pay over to Clark Capital all damages suffered by Clark Capital as a result of Defendants' unfair competition.

(6)     That the Court award Clark Capital its breach of contract damages.

(7)     That the Court enter an order placing reasonable but effective restrictions on the future transactions and activities of Defendants so as to prevent fraud on the Court and so as to ensure the capacity of Defendants to pay, and the prompt payment of, any judgment entered against Defendants in this action.

(8)     That the Court award Clark Capital its compensatory, incidental, and consequential damages.

(9)     That the Court award Clark Capital enhanced, treble, and/or punitive damages.

(10)    That the Court award Clark Capital its reasonable attorney's fees and the costs of this action.

(11)    That the Court grant Clark Capital such other further relief as is just and proper.

15

## **DEMAND FOR JURY TRIAL**

Clark Capital demands a trial by jury on all triable issues of fact.

CLARK CAPITAL MANAGEMENT GROUP, INC.

By Its Attorneys,

DATED:  December 4, 2015

_____
Camille M. Miller (PA BAR #79670)
Melanie A. Miller (PA BAR #73499)
David M. Albert (PA BAR #210061)
COZEN O'CONNOR
One Liberty Place, 1650 Market Street
Philadelphia, Pennsylvania  19103
Telephone:  (215) 665-2000
Facsimile:  (215) 701-2273
cmiller@cozen.com
mmiller@cozen.com
dalbert@cozen.com

# Exhibit A



**EatonVance**
Investment Managers

Eaton Vance Corp.
Two International Place
Boston, MA 02110
Office (617) 482-8260
www.eatonvance.com

April 2, 2014

David M. Albert
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Re:     Eaton Vance Corp. use of NAVIGATE and NAVIGATE FUND

Dear Mr. Albert:

We, Eaton Vance Corp., a Massachusetts corporation with an address of Two International
Place, Boston, MA 02110, United States, in consideration of Clark Capital Management Group,
Inc. ("Clark Capital") refraining from initiating action against us for our past use of the
NAVIGATE designation, including the NAVIGATE FUND designation, on behalf of Eaton
Vance Corp. and our subsidiaries and affiliates, hereby undertake the following:

1.  We hereby confirm that our use of the NAVIGATE FUND SOLUTIONS designation,
    or any additional designation that includes the terms NAVIGATE and FUND, will
    never be associated with a retail fund product;

2.  We hereby confirm that our use of NAVIGATE FUND SOLUTIONS, will be limited
    to use in connection with the services currently listed in U.S. Trademark Reg. No.
    4,471,303 for the mark NAVIGATE FUND SOLUTIONS, namely "technology
    consultation, namely, business technology software consultation services, all in the
    field of mutual fund and securities portfolio management and administration, and in
    the field of administration of transactions by open end funds involving securities,
    stocks, funds, equities, bonds, notes, cash, or other types of financial investments" and
    "licensing services, namely, licensing of intellectual property, all in the field of mutual
    fund and securities portfolio management and administration, and in the field of
    administration of transactions by open end funds involving securities, stocks, funds,
    equities, bonds, notes, cash, or other types of financial investments";

3.  We hereby confirm that other than the NAVIGATE FUND SOLUTIONS designation,
    we will not use any other mark that includes "NAVIGATE and FUND" and/or
    NAVIGATOR; and

4.  We hereby confirm that other than U.S. Trademark Reg. No. 4,471,303 for the mark
    NAVIGATE FUND SOLUTIONS owned by The Trustee of Eaton Vance
    Management, we will not in the future attempt to register with the United States Patent
    and Trademark Office ("USPTO"), or any state or other national trademark office, any

designation that includes the terms "NAVIGATE" and "FUND" and/or NAVIGATOR.  Notwithstanding the prior sentence, we may in the future attempt to register with the USPTO, or any state or other national trademark office, a future proposed logo that includes the terms "NAVIGATE" and "FUND" and "SOLUTIONS.

This undertaking shall have effect throughout the United States and any dispute relating to this agreement will be settled according to United States law.

For and on behalf of Eaton Vance Corp.

Name:    Frederick S. Marius

Position:  Vice President & Chief Legal Officer

Signature

Exhibit B



**COZEN**
**O'CONNOR**
ATTORNEYS

A PROFESSIONAL CORPORATION

1900 MARKET STREET   PHILADELPHIA, PA 19103-3508   215.665.2000   800.523.2900   215.665.2013 FAX   www.cozen.com

April 28, 2014

**David M. Albert**
Direct Phone  215.665.7277
Direct Fax     215.701.2122
dalbert@cozen.com

**VIA E-MAIL**

Mr. Richard L. Sampson
Sampson & Associates, P.C.
50 Congress Street
Boston, MA 02109
E-mail: **rsampson@sampsonlaw.com**

**Re:   Clark Capital Management's NAVIGATOR and NAVIGATOR FUND Trademarks**
**       Our Ref. No.: CCMG-5167US/310705**

Dear Mr. Sampson:

I am writing further to your e-mail dated April 8, 2014 letter and the letter Undertaking signed by Eaton Vance Corp. ("Eaton Vance") dated April 2, 2014 (the "Undertaking").

In light of the representations made in the Undertaking, and our understanding that the intellectual property that Eaton Vance is licensing in connection with the NAVIGATE FUND SOLUTIONS mark is limited to business technology software, Clark Capital does not plan to take any further action at this time with regard to Eaton Vance's use of NAVIGATE FUND SOLUTIONS.  However, if Clark Capital experiences any instances of actual confusion in the market, if Eaton Vance expands the scope of its use, if marketplace conditions change, or if Eaton Vance files a future trademark application, such as the logo described in the Undertaking, Clark Capital reserves its rights to renew its objection.

We further expect that Eaton Vance will make every effort to avoid confusion with Clark Capital's NAVIGATOR marks and to inform Clark Capital immediately of any instances of actual confusion

Sincerely,

COZEN O'CONNOR

By:     David M. Albert

DMA

cc:     Clark Capital Management Group, Inc.